IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOHN SMITH, | § | |
| | § | No. 559, 2018 |
| Plaintiff Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. S15C-12-025 ESB |
| FIRST STATE ANIMAL CENTER | § | |
| AND SPCA, KATELYN PEPPER, | § | |
| SANDRA GALLOWAY, DAVID | § | |
| HULSE, KEVIN USILTON, MARY | § | |
| PALACIO, and SHERRI | § | |
| WARBURTON, | § | |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |

Submitted: June 12, 2019
Decided: June 13, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **SEITZ**, Justices.

# **O R D E R**

(1)     The appellant and plaintiff below, John Smith, appeals from the Superior Court's entry of summary judgment for the defendants, the First State Animal Center and SPCA and various individuals employed by the SPCA.[1]   On appeal, Smith challenges the trial court's rulings on his claims against the defendants

---

[1] *Smith v. First State Animal Ctr. and SPCA, Inc.*, 2018 WL 4829991, at \*7 (Del. Super. Ct. Oct. 4, 2018).

for false arrest or imprisonment, malicious prosecution, and violation of his constitutional rights under 42 U.S.C. § 1983.[2]

(2)    These claims arise out of an incident in which Smith's dog, Millie, attacked both a neighbor's dog and the neighbor, causing serious injury to the neighbor's dog. After an investigation, the SPCA sought to quarantine Millie for a limited time and, due in part to a previous biting incident involving Millie, label her a dangerous dog. Accordingly, the SPCA seized Millie under the authority of a warrant and kept her in its kennel for about a month pending the dangerous dog hearing.

(3)    After Smith took certain actions that the SPCA claims obstructed its investigative and enforcement efforts, the SPCA obtained an arrest warrant against Smith for one count of maintaining a dangerous animal that causes death or physical injury to another animal and one count of hindering prosecution. Smith turned himself in and was promptly released pending trial after being processed.

(4)    Ultimately, a dangerous dog hearing panel determined that Millie was potentially dangerous and let Smith and his wife take her back home after agreeing to additional safety precautions. The Delaware Department of Justice also dropped the criminal charges against Smith.

---

[2] Smith does not challenge the trial court's ruling on his intentional infliction of emotional distress claim.

2

(4)     Each of Smith's claims below and on appeal relate to the SPCA's decision to obtain either the arrest warrant (as to Smith) or seizure warrant (as to Millie).  There are essentially two premises underlying his claims.  First, Smith argues that the SPCA and its officers did him wrong because the officers who swore out the warrants lacked the authority to do so.  That is, Smith argues, the law in effect at the time required that to be done by a certified police officer.  Second, Smith argues that the SPCA lacked probable cause to arrest him because he had not done anything that comes close to hindering prosecution.

(5)     As to Smith's false arrest or imprisonment claim, we agree with the Superior Court that the SPCA officer who swore out the arrest warrant had (i) the necessary authority to arrest Smith for maintaining a dangerous animal; and (ii) probable cause to do so.[3]

---

[3] As a result, we need not and therefore do not address whether we would find probable cause for the hindering prosecution charge in this case.  A defendant is not liable for false arrest unless the arrest was "unlawful," *Hunt ex rel. DeSombre v. State*, 69 A.3d 360, 368 (Del. 2013) (internal quotation marks omitted), and an arrest made under a valid warrant issued by the Justice of the Peace Court defeats any such claim except under rare circumstances, such as when the defendant has misled the magistrate as to the facts supporting the warrant, *see Boulden v. Turner*, 2007 WL 3378662, at *4 (Del. Super. Ct. Apr. 12, 2007).  Here, Smith concedes on appeal that he "affirmed the factual substance of the affidavit" supporting the warrant for his arrest, which describes the serious injuries that his dog inflicted on two other animals.  Opening Br. at 17 (internal quotation marks omitted).  That is, Smith affirmed that the SPCA officer gave a truthful account in seeking the warrant.  Not only that, but the Justice of the Peace Court found the warrant established probable cause, and the Superior Court also did so in this case.  Therefore, without needing to determine the probable cause issue ourselves, it is plain that the SPCA officer did not engage in deceptive or improper conduct in obtaining a warrant for hindering prosecution from the relevant court with jurisdiction.  Accordingly, any restraint of Smith was not "unlawful," and there is no liability for false arrest or imprisonment.

(6)     As to Smith's malicious prosecution claim, we affirm on the basis that Smith failed to introduce evidence that would support a jury finding that the SPCA officer who swore out the arrest warrant acted with actual malice in doing so.

(7)     As to Smith's § 1983 claims, we affirm on three grounds. First, we agree with the Superior Court that the individual defendants are protected by qualified immunity to the extent that Smith's claims are premised on a purported lack of authority to swear out warrants. Second, to the extent that Smith's § 1983 claims against the individual defendants are premised on a purported lack of probable cause to arrest him, these claims fail because the undisputed facts establish as a matter of law that the SPCA had probable cause to arrest him for maintaining a dangerous animal.[4] Finally, Smith's claims against the SPCA fail under the United States Supreme Court's decision in *Monell v. Department of Social Services of the City of New York*.[5]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is hereby AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[4] As with the false arrest claim, we need not and do not address Smith's argument that the SPCA officer lacked probable cause to arrest him for hindering prosecution.

[5] 436 U.S. 658 (1978).

4